TORBERT, Chief Justice.
This case involves a dispute between four investors in a limited partnership and the three general partners in the partnership. Plaintiff investors alleged that the defendant general partners had committed fraud, breached their fiduciary duties, and breached the contract between the parties. The trial court held for the defendants. We affirm.
The facts as found by the trial court, in part, are as follows:
“Defendants Joe C. Mitchell, Bobby R. Lewis, and Russell M. Fraser are the general partners in the Alabama limited partnership known as Town Creek Investment Group, Ltd. Town Creek Investment Group, Ltd. is itself the sole limited partner and owner of a ninety-five (95%) percent interest in Town Creek Apartments, Ltd., a Tennessee limited partnership. Town Creek Apartments, Ltd., in turn, is composed of one limited partner (Town Creek Investment Group) and five general partners: G. Clyde Fleming (managing partner), Eugene Bains, Philip Dutton, Wayne Covington, and H. Graham Swafford, who together built and now operate a twenty-four unit apartment complex in Jasper, Tennessee.
“Before forming Town Creek Investment Group, defendants as individuals executed a $209,900 promissory note to Town Creek Apartments (dated November 24', 1982) with which they purchased the ninety-five (95%) percent limited part *198 nership interest in Town Creek Apartments: On March 11, 1983, defendants created Town Creek Investment Group by recording a Limited Partnership Certificate and Agreement with the Probate Judge of Madison County, Alabama. Seeking investors in their partnership, defendants employed Joe H. Ritch, a Huntsville attorney, to prepare a private offering memorandum setting out the terms under which defendants hoped to sell a number of limited partnership interests in Town Creek Investment Group. The memorandum offered for sale twenty (20) limited partnership interests in the partnership, which interests when combined would account for ninety (90%) percent of the partnership (the remaining ten (10%) percent to be retained by and divided equally among the defendant general partners). Defendants circulated the offering by placing notices in a publication of L & M Enterprises, an organization operated by defendants Lewis and Mitchell which sent out information about various investment opportunities to persons paying a $10.00 membership fee. If an individual receiving the publication expressed interest in purchasing a limited partnership interest in Town Creek Investment Group, he or she was sent further information including the Private Offering Memorandum. In addition to giving general information about the partnership, the limited offering memorandum contained numerous representations concerning the operation and management of both partnerships, the potential income and tax advantages generated by the investment, and the various risks to which an investor would be exposed. In all, ten (10) individuals purchased the twenty limited partnership interests and began making payments pursuant to the terms of the purchase agreement. After becoming dissatisfied with the performance of the defendant general partners, eight of the ten purchasers brought the present lawsuit alleging the following claims: fraud, breach of fiduciary duties and breach of contract. The claims of four (4) plaintiff purchasers were resolved and concluded by settlement before trial, leaving only four (4) remaining purchasers to proceed with the lawsuit.”
The case was tried without a jury. As this Court has stated before, “Where the trial court hears ore terms evidence, its findings of fact based on that evidence will not be disturbed on appeal unless they are plainly and palpably wrong or manifestly unjust.” Hall v. Mazzone, 486 So.2d 408 (Ala.1986). The trial court’s findings in this case are quite extensive. The most dispositive on the issue of fraud are that the plaintiffs have failed to show any damages as a result of the defendants’ actions or representations, that the alleged misrepresentations involved future acts or events and no “intent to deceive” was shown, and that none of the plaintiffs had even read the limited offering memorandum and thus plaintiffs never relied on any representations contained in it.
Code 1975, § 6-5-101, sets forth Alabama’s standard for fraud: “Misrepresentations of a material fact made willfully to deceive, or recklessly without knowledge, and acted on by the opposite party, or if made by mistake and innocently and acted on by the opposite party, constitute legal fraud.” Also, as this Court has held, “A representation regarding acts or events to take place in the future constitutes fraud only if, at the time of making the statement, the party intends to deceive and not to perform the acts promised.” American Pioneer Life Ins. Co. v. Sherrard, 477 So.2d 287, 290 (Ala.1985). “[B]oth reliance and damages are essential elements to be proved in fraud actions.” Lucky Mfg. Co. v. Activation, Inc., 406 So.2d 900, 905 (Ala.1981). “[Njeither the fact nor amount of damages, nor the cause of damages, can rest solely on speculation.” Crommelin v. Montgomery Independent Telecasters, Inc., 280 Ala. 391, 394, 194 So.2d 548, 551 (1967).
The trial court was well aware of the above principles and applied them to the plaintiffs’ fraud claim. After carefully examining the entire record, we are convinced that, except for a few minor, non-material details, the plaintiffs received what was *199 represented to them when they invested in this partnership. The plaintiffs never read the limited offering memorandum and never relied on any representations in it; furthermore, no “intent to deceive” was shown as to the representations involving future acts. Critically, there is no evidence whatsoever of any damages. The plaintiffs keep stating that they “might” be held liable someday for having relied on the defendants’ representations. Such claims are pure speculation.
The fact that the plaintiffs have suffered no damages also disposes of their breach of fiduciary duty and breach of contract claims.
Therefore, the judgment of the trial court is affirmed.
AFFIRMED.
MADDOX, ALMON, BEATTY and HOUSTON, JJ., concur.